E-FILED
Wednesday, 26 July, 2006  01:05:44 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 00-20067 |
| | ) |
| HOWARD (TED) FURKIN, | ) |
| and DAVID J. LANZOTTI, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| PYRAMID TECHNOLOGIES, INC., | ) |
| | ) |
| Garnishee. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF APPLICATION
FOR WRIT OF CONTINUING EARNINGS GARNISHMENT**

This garnishment proceeding is brought pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §3001 et. seq. (hereinafter cited by section number only)

1. As required by §3205(b)(1)(B), the government has made a demand for payment. At least 30 days have elapsed since the demand and the defendant has not paid the amount due.

2. The Application contains the necessary information required by §3205(b)(1).

3. In accordance with §3002(9) and the Consumer Credit Protection Act (15 U.S.C. §1673), the government is requesting that the garnishee withhold nonexempt disposable earnings being the lesser of 25% of the defendant's disposable earnings or the amount by which the weekly disposable earnings exceed 30 times the federal minimum wage.

4. Section 3205(c)(1) provides that if the Court determines that the requirements of §3205 are satisfied, the Court shall issue the appropriate writ of garnishment.

5. The Writ that the government has prepared conforms to the requirements of §3205(c)(2)(A-F).

2

6. Section 3202(b) provides that the Clerk shall issue a notice prepared by the counsel for the United States informing the defendant of certain rights and exemptions.

7. The notice "Clerk's Notice of Post Judgment Continuing Earnings Garnishment" contains the statutory language of §3202(b). The summary of exemptions states only the exemptions applicable to earnings pursuant to §3002(9), 18 U.S.C. §3613(a)(3) and 15 U.S.C. §1673. Furthermore, the United States contends that the Clerk's Notice on the transfer of a case upon the request of the defendant does not apply. The transfer provisions in the Clerk's Notice are inconsistent with the procedures set out in 18 U.S.C. §§ 3611-15. The mandatory transfer of a garnishment proceeding would curtail or limit the government's right to collect a criminal monetary judgment and the Court's continuing jurisdiction to enforce it's judgment. In accordance with 28 U.S.C. § 3001(b) and § 3003(b)(2), the Clerk's Notice should not be construed to curtail or limit the rights of the United States or the jurisdiction of the Court.

8. After the Application is filed and the Order for the Writ is signed by the Court, the Writ and Notice should be issued by the Clerk.

9. The United States will then serve a copy of these documents and supplementary information required by §3205(c)(3)(A & B) on the garnishee and the defendant.

Respectfully submitted,

**RODGER A. HEATON**
**UNITED STATES ATTORNEY**

DATE: July 26, 2006

s/Elizabeth L. Collins
Elizabeth L. Collins, Bar No. 487864
Attorney for the Plaintiff
United States Attorney's Office
318 S. 6th Street
Springfield, Illinois 62701
Tel: 217-492-4450
Fax: 217-492-4888
E-mail: Beth.Collins@usdoj.gov

3

**CERTIFICATE OF SERVICE**

It is hereby certified that service of the foregoing **MEMORANDUM OF LAW**, has been made by placing in the United States mail, postage prepaid, addressed to:

>Howard (Ted) Furkin
>5808 E. Brown #15
>Mesa, AZ 85205
>
>Pyramid Technologies, Inc.
>Attn: Kathy May, Payroll Dept.
>1517 N. Quail
>Mesa, AZ 85205
>
>United States Probation Office
>Attn: USPO Scott Reardon
>401 W. Washington, St., Suite 160
>Phoenix, AZ 85003-2146

DATE: July 26, 2006

>s/Elizabeth L. Collins
>Elizabeth L. Collins, Bar No. 487864
>Attorney for the Plaintiff
>United States Attorney's Office
>318 S. 6th Street
>Springfield, Illinois 62701
>Tel: 217-492-4450
>Fax: 217-492-4888
>E-mail: Beth.Collins@usdoj.gov