E-FILED
Thursday, 30 November, 2006  11:49:49 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 94-30014 |
| | ) | |
| HOWARD (TED) FURKIN and | ) | |
| DAVID LANZOTTI, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| PYRAMID TECHNOLOGIES, | ) | |
| INC., | ) | |
| | ) | |
| Garnishee. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant Howard Furkin's Objection to Garnishment (d/e 988) and his Motion to Amend/Correct Supervised Release (d/e 991). On July 26, 2006, pursuant to 28 U.S.C. § 3205(c)(1), the Government filed an Application for Writ of Continuing Earnings Garnishment upon a Judgment entered against Defendant Furkin. Defendant filed his Objection to Garnishment on August 22, 2006. On September 12, 2006, the Court held a hearing by telephone conference

1

regarding Defendant Furkin's Objection to Garnishment. At the hearing, Defendant objected to the garnishment, complaining that he is financially unable to make any more payments toward his restitution. Defendant has also filed a Motion asking the Court to amend the conditions of his supervised release. For the reasons set forth below, Defendant's Objection to Garnishment is sustained in part. The Government's Application for Writ of Continuing Earnings Garnishment is allowed to the extent that Garnishee Pyramid Technologies, Inc., or its authorized agent, is directed to withhold from the Defendant's nonexempt interest in the wages, salaries, commissions and/or bonuses the amount of $425.00 per month. Defendant's Motion to Amend/Correct Supervised Release is denied.

At the time Defendant was sentenced, the Court ordered Defendant to pay restitution in the amount of $2,149,388.00. The record reveals that Defendant made payments toward his restitution, and those payments have been credited to his account.[1] See Government's Accounting as to Howard Furkin (d/e 990). However, as of October 10, 2006, Defendant still owes $1,791,763.02 in restitution.

---

[1] The accounting provided by the Government reveals that Defendant Furkin has been credited for payments made by co-defendants for the portion of restitution that was ordered to be paid jointly and severally with the co-defendants.

2

This Court may issue a writ of garnishment to enforce a judgment under Federal law. United States v. Laws, 352 F.Supp.2d 707, 710 (E.D.Va. 2004). Indeed, § 3205(a) of 28 U.S.C. provides that "[a] court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). "Accordingly, a writ of garnishment may be used to enforce an order of restitution pursuant to 18 U.S.C. § 3613." Laws, 352 F.Supp.2d at 710.[2]

The record reveals that Defendant is currently making monthly payments of $125.00 toward his restitution.[3] If the Government garnishes Defendant's wages, Defendant Furkin would be required to make monthly payments of $579.00. The garnishment would therefore increase Defendant Furkin's monthly payments by $454.00. Defendant objects to garnishment complaining that he is financially unable to make larger monthly payments

---

[2] In this context, "nonexempt disposable earnings" means 25 percent of disposable earnings, subject to § 303 of the Consumer Credit Protection Act. 28 U.S.C. § 3002(9).

[3] The Court notes that the criminal judgment set an installment payment schedule of $1,779.33 per month.

toward his restitution. At the telephonic conference held September 12, 2006, Defendant complained that if the Government garnishes 25 percent of his wages, he would be unable to purchase his medications and other necessary items. Defendant has submitted a written, sworn statement, concerning his current medical expenses and other necessary expenses. According to this submission, Defendant nets $2,356.28 a month, with monthly estimated expenses of $2,318.00.

Based on the documents submitted by Defendant Furkin, a breakdown of Defendant Furkin's monthly expenses is as follows: Rent ($800); Food ($200); Sundries/Toiletries ($50); Telephone ($65); Auto Payments ($228); Auto Expenses ($145); Auto Insurance ($93); Dues and Subscriptions ($52); Clothing ($80); Grooming ($40); Medical ($200); Dental ($100); Postage ($10); Home Office Supplies ($25); Legal Expense ($125); Gifts/Entertainment ($25). See Attachment to Affidavit of Howard Furkin (d/e 992) (Furkin Aff.). The Court notes that Furkin has also submitted an Affidavit from his daughter, Diana L. Ross, attesting that she receives from Furkin $800.00 per month for room and board, which she claims includes and is not limited to the following:

    a. Furnished living quarters
    b. Proportionate share of:
        i. Utilities (i.e. Electricity, cable, water, trash)
        ii. Food, other than special diabetic products
        iii. Household necessities (i.e. Toilet paper, cleaning supplies, laundry supplies)
    c. Usage of:
        i. Computer
        ii. Fax machine
        iii. Local phone service
        iv. Broadband Internet

<u>Reply to Plaintiff's Response to Defendant's Objection to Garnishment (d/e 998) (Reply)</u>, Exh. 1. <u>Affidavit of Dianna L. Ross (Ross Aff.)</u>. The statements contained in Ross' Affidavit contradict assertions made by the Defendant in his Affidavit and attachments accompanying the Affidavit. According to Ross' Affidavit, it appears that Furkin's $800.00 monthly payment for rent includes expenses for food, phone and internet services, and household necessities. However, the breakdown of expenses provided by the Defendant, as outlined above, shows that Defendant's monthly expenses include among other things $800 for rent, and separate expenses for food, sundries/toiletries, grooming, and telephone, all totaling $355.00. Given this discrepancy, the Court is not exactly certain what other expenses are covered in the $800.00 rent payment.

    Defendant Furkin states in his Affidavit that he underwent bypass

surgery on December 31, 2004. He states that "[o]n or about March 15, 2006[,] [he] had a Stint placed in one of the arteries previously replaced during the bypass surgery." Furkin Aff., ¶ 5. As a result of this procedure, Defendant states that his medical bills exceeded $31,000.00, of which Medicare paid $11,000.000; Defendant has only paid $900.00 on this account to date. Id. at ¶ 5. Defendant also asserts in his Affidavit that he is not only in need of special eye glasses to align his eyes, but also in need of sun glasses, both of which he has not been able to purchase due to lack of funds. He also states that he suffers from various ailments, including severe angina and hernia in his groin, and has been diagnosed with "colony, H/o polyps." Id. at ¶ 9. Defendant states that he has not been able to get proper treatment for these illnesses due to his financial condition. He attests that he owes his grandson $4,500.00. Id. at ¶ 10. Further, Defendant states that he currently owes: (1) $559.20 to Geico, (2) $630.91 to Sonora Quest Laboratories, and (3) $18,289.21 to Harvard Collection Services, Inc.[4]  Id. ¶ 11.

In light of Defendant's outstanding debts and his medical condition,

---

[4]The Court notes that $18,289.21 is actually owed to the Illinois Department of Revenue. Attachment to Furkin Aff. It appears that the Illinois Department of Revenue transferred Defendant's account to a collection service.

6

the Court finds that Defendant is entitled to a reduction in the amount of the garnishment. Accordingly, the Court reduces the proposed garnishment from $579.00 a month to $425.00 a month. In light of the evidence that utilities and food are included in Defendant's rent, Defendant has the ability to pay this amount. Defendant's Objection to Garnishment is therefore sustained in part. The Government's Application for Writ of Continuing Earnings Garnishment (d/e 985) is ALLOWED to the extent that Garnishee Pyramid Technologies, Inc., or its authorized agent, is directed to withhold from the Defendant's nonexempt interest in wages, salaries, commissions and/or bonuses the amount of $425.00 per month. Defendant Furkin is no longer required to make separate payments of $125.00 per month as long as Garnishee Pyramid Technologies, Inc. makes payments of $425.00 per month to the Government.

In his Motion to Amend/Correct Supervised Release, Defendant requests that he be allowed to travel out-of-state for employment purposes without a prior, written authorization from the Probation Office. Defendant asserts that this "would not only safeguard his employment[,] but also save time and money for the [G]overnment. <u>Motion to Amend/Correct Supervised Release</u>, ¶ 6. The Government objects to

Defendant's Motion based on the fact that the Probation Office is opposed to the amendment of the conditions of Defendant's supervised release. The Government states in its Memorandum in Opposition to Defendant Furkin's Motion for Amendment of Supervised Release (d/e 993) that the Probation Office in Phoenix, Arizona, has informed the Government that it was not aware of any problems associated with the Defendant being required to obtain the Probation Office's prior approval to travel out-of-state for employment purposes. The Government further states that the Probation Office has indicated that, on some occasions, it has allowed Defendant to travel out-of-state with less than 10 days' prior notice.

Given the Government and the Probation Office's objections to Defendant's Motion to Amend/Correct his Supervised Release, the Court sees no basis to amend the conditions of Defendant's supervised release. Defendant's Motion to Amend/Correct Supervised Release is therefore DENIED.

THEREFORE, for the reasons set forth above, Defendant's Objection to Garnishment (d/e 988) is sustained in part. The Government's Application for Writ of Garnishment is ALLOWED to the extent that Garnishee Pyramid Technologies, Inc., or its authorized agent, is granted

permission to withhold the Defendant's nonexempt interest in wages, salaries, commissions and/or bonuses in the amount of $425.00 per month. The Government is directed to file an amended application for writ of continuing earnings garnishment that conforms with this Opinion on or before December 14, 2006. Defendant's Motion to Amend/Correct Supervised Release (d/e 991) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: November 30, 2006.

    FOR THE COURT:

                                      s/ Jeanne E. Scott
                                      JEANNE E. SCOTT
                          UNITED STATES DISTRICT JUDGE